# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN and FLOYD JORDAN, h/w | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO.: 06-3091 |
| | : | |
| WILLIAM and BERNADETTE PINAMONT, h/w | : | |
| | : | |
| Defendants. | : | |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Plaintiffs' Motion in Limine to Quash Portions of Defendants' Cross Notices of Deposition Duces Tecum for Drs. James, Swartz, Downing, and Shafi. and any response by Defendants, it is hereby ORDERED that Plaintiffs' Motion is GRANTED.

_____
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAREN and FLOYD JORDAN, h/w | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO.: 06-3091 |
| | : | |
| WILLIAM and BERNADETTE PINAMONT, h/w | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION IN LIMINE**
**TO QUASH PORTIONS OF DEFENDANTS'**
**CROSS NOTICES OF DEPOSITION DUCES TECUM**
**FOR DRS. JAMES, SWARTZ, DOWNING, AND SHAFI**

1.   Introduction

In this automobile accident case, brought pursuant to diversity jurisdiction, Plaintiff Karen Jordan seeks damages for two herniated lumbar discs she suffered when she was rear-ended by Defendants' car. After the crash Plaintiff obtained care and treatment from her primary care physician, Dr. Phyllis James. About a month after the accident Dr. James sent Plaintiff Karen Jordan for a lumbar spine MRI. Dr. Joel Swartz interpreted this MRI. About three months after the accident Dr. James sent Plaintiff Karen Jordan to Dr. Eppley, a neurosurgeon. Dr. Eppley referred Ms. Jordan to Dr. James Downing, a pain control specialist. Dr. Downing gave Ms. Jordan six epidural steroid injections to help her deal with her low back pain. Approximately one year after the crash Dr. James sent Ms. Jordan for a repeat lumbar spine MRI. Dr. Ahmed Shafi interpreted the second lumbar spine MRI. Thus, Drs. James, Swartz, Downing, and Shafi are Plaintiff's <u>treating</u> physicians.

After the Court advised counsel that it was scheduling trial for May 16 Defendants' counsel noticed the video trial depositions of Drs. Askin (orthopedist) and Brooks (neuroradiologist). Both Drs. Askin and Brooks were specially retained by Defendants for purposes of this litigation. Neither

doctor ever treated or served Plaintiff Karen Jordan in any capacity.  Drs. Askin and Brooks are <u>expert</u> witnesses and are governed by the dictates of Federal Rule of Civil Procedure 26(a)(2)(B).  That is, both of them are required to produce expert reports, four year case lists, CV's, and fee information.

Plaintiffs' counsel then served Cross Notices of Deposition Duces Tecum on Defendants for both expert witnesses.  Plaintiffs' counsel directed Dr. Brooks to bring to his deposition:

> "1. His entire file pertaining to Karen Jordan including:
>
>   (a) All correspondence, including printouts of email, to or from Defendants' counsel, Liberty Mutual, and their agents regarding Karen Jordan; and
>
>   (b) His current fee schedule.
>
> 2. Copies of all reports in the cases listed on Exhibit 1 hereto (which purports to be Dr. Brooks' case list, where the first listed invoice is "Thomas, Walter" and the last listed invoice is "Guevara, Matilde".)
>
> 3. All 1099's, W-2's, or other statements of earnings provided by Intermind Research, Inc., to Dr. Brooks in 2006 and 2005."

Plaintiffs' counsel also served the following Cross Notice of Deposition Duces Tecum on Defendants for Dr. Askin:

> "1. His entire file pertaining to Karen Jordan including:
>
>   (a) All correspondence, including printouts of email, to or from Defendants' counsel, Liberty Mutual, and their agents regarding Karen Jordan; and
>
>   (b) His current fee schedule.
>
> 2. Copies of all reports in the cases listed on Exhibit 1 hereto."

2

Later, Plaintiffs' counsel noticed the video trial depositions of Drs. James, Swartz, Downing, and Shafi. In an attempted "tit for tat" effort, Defendants' counsel served Cross Notices Of Deposition Duces Tecum for Drs. James, Swartz, Downing, and Shafi directing each of these <u>treating physicians</u> to bring to their depositions (1) their entire files pertaining to Karen Jordan, and (2) "Copies of all reports authored by [the treating physician] in cases in which [the treating physician] has given trial testimony (either live or videotape) for the last four years. Party names may be excluded from the reports."

Plaintiffs do <u>not</u> object to having each treating physician bring their entire file pertaining to Plaintiff Jordan to their depositions. However, in this Motion, Plaintiffs object to that portion of each Cross Notice directing the various <u>treating</u> physicians to bring "Copies of all reports authored by [the treating physician] in cases in which [the treating physician] has given trial testimony (either live or videotape) for the last four years. Party names may be excluded from the reports."

2.   <u>Applicable Law</u>

FRCP 26(a)(2)(B), which pertains to disclosure of <u>expert</u> witness information such as reports, case lists, and fee schedules, provides for these disclosures "with respect to <u>a witness who is retained or specially employed to provide expert testimony</u> in the case . . ." The Advisory Committee Notes to the 1993 Amendments to Rule 26 touch directly on the issue under consideration, and clearly distinguish between an "expert" physician and a "treating physician". The Notes state "<u>A treating physician</u>, for example, <u>can be</u> deposed or <u>called to testify at trial without any requirement for a written report</u>." Similarly, <u>treating</u> doctors need not produce case lists or fee schedules. Of course, Defendants have overlooked this crucial distinction between treating physicians and experts "specially employed to provide expert testimony in a case". Just as treating physicians need not prepare written

3

reports, or produce case lists, so, too, they may not be subjected to a request for reports they have authored in cases where they have given trial testimony. Rule 26(a)(2)(B) clearly distinguishes between witnesses retained or specially employed to give expert testimony - such as Drs. Askin and Brooks - and treating physicians who are pulled into a case involuntarily, simply because they provided treatment to a person who later files suit.

3.  Conclusion

Plaintiffs' treating physicians - Drs. James, Swartz, Downing, and Shafi - were involved in Karen Jordan's care and treatment. None of them were "retained" or "specially employed" for this case. Because they were Plaintiff's treating doctors, they are not required to provide copies of all reports in which they have given trial testimony over the past four years. The drafters of Rule 26(a)(2)(B) knew that such an onerous burden would discourage bona fide treating doctors from participating in civil litigation.

WHEREFORE, this Court should grant Plaintiffs' Motion to quash, in part, Defendants' Cross Notices Of Deposition Duces Tecum.

>Respectfully submitted,
>
>DAVID LOCKARD & ASSOCIATES
>
>*/s/ DAVID L. LOCKARD, ESQ.*
>DAVID L. LOCKARD, ESQ. (DLL4126)
>Attorney for Plaintiff
>15 West Highland Avenue
>Philadelphia, PA   19118
>(215) 753-0661

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Plaintiffs' Motion in Limine to Quash Portions of Defendants' Cross Notices of Deposition Duces Tecum for Drs. James, Swartz, Downing, and Shafi was mailed to all counsel of record as listed below by U.S. Mail, postage pre-paid, on April 19, 2007.

> David A. Santilli, Esquire
> Jenkins, Wolf, Rubinate and Hasson
> Public Ledger Building
> 6th and Chestnut Streets, Suite 500
> Philadelphia, PA   19106-3476

> */s/ DAVID L. LOCKARD, ESQ.*
> DAVID L. LOCKARD, ESQ. (DLL4126)